[724 NYS2d 492]

In the Matter of STEPHEN N. SILVER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 21, 2001

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Diana J. Szochet* and *Robert J. Saltzman* of counsel), for petitioner.

*Edwin J. Mulhern,* Carle Place, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated February 29, 2000, containing nine charges of professional misconduct. Although the respondent admitted certain allegations in his answer, he denied the other allegations and denied that he had violated any disciplinary rules. After a hearing on August 14, 2000, the Special Referee sustained all of the charges, except Charge Five. The Grievance Committee moves to confirm the Special Referee's report insofar as it sustained Charges One to Four and Six to Nine, and to disaffirm the report insofar as it failed to sustain Charge Five. The respondent cross-moves to confirm the Special Referee's report insofar as it failed to sustain Charge Five and to disaffirm the report insofar as it sustained the remaining charges. We hold that Charges One, Two, Five, Six, and Seven are sustained, and Charges Three, Four, Eight, and Nine are not sustained.

Charge One alleged that between 1994 and 1998, the respondent engaged in a pattern and practice of filing late retainer statements with the Office of Court Administration, in violation of 22 NYCRR 691.20 and Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

Such retainer statements were purposely filed or caused to be filed late by the respondent. The respondent also filed or caused to be filed false and inaccurate affirmations, nunc pro tunc, asserting that the retainer statements were inadvertently filed late.

Charge Two alleged that, based on the factual allegations contained in Charge One, the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Five alleged that the respondent commingled personal funds with the funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

From December 1995 through December 1998, the respondent maintained an escrow account with his partners at Chemical Bank. The respondent deposited funds entrusted to him as

a fiduciary into the account, but also deposited personal funds into it and permitted expenses and legal fees received by him and/or his partners to remain on deposit there.

Charge Six alleged that the respondent improperly advanced financial assistance to a client, in violation of Code of Professional Responsibility DR 5-103 (b) (22 NYCRR 1200.22 [b]) and DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

The respondent represented Heinsley Fisher in an action to recover damages for personal injuries. Fisher's claim was settled in 1994 for $10,000. In December 1994, before receiving Fisher's settlement proceeds, the respondent advanced Fisher $5,000. The respondent received Fisher's settlement proceeds in January 1995.

Charge Seven alleged that the respondent failed to promptly pay or deliver funds in his possession to a third-party that was entitled to receive them, in violation of Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]) and DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

In September 1994, the respondent was retained to represent Leigh Harvey in an action to recover damages for personal injuries. Harvey's claim was settled in 1997 for $15,500. In March 1997, the respondent received Harvey's settlement proceeds and was aware that Sunrise Medical Imaging (hereinafter Sunrise) was owed $200 for services provided to Harvey. On March 14, 1997, the respondent issued a check to Harvey for his share of the proceeds from which he deducted the $200 due to Sunrise. However, the respondent failed to pay Sunrise until December 22, 1997.

Based on the evidence adduced at the hearing and the respondent's admissions, Charges One, Two, Five, Six, and Seven are sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that he has changed his office procedures, his retainer statements are now filed within 30 days of his retention, disbursements are now discernable for each client expense, and he has retained a new accounting firm.

The respondent's prior disciplinary history consists of three admonitions and one letter of caution.

Under the totality of the circumstances, the respondent is suspended from the practice of law for one year.

BRACKEN, P. J., RITTER, ALTMAN, KRAUSMAN and S. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee as to Charges One to Four and Six to Nine, and to disaffirm the report as to Charge Five, is granted to the extent that Charges One, Two, Five, Six, and Seven are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm the report of the Special Referee as to Charge Five, and to disaffirm the report as to Charges One to Four and Six to Nine is granted to the extent that Charges Three, Four, Eight, and Nine are not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Stephen N. Silver, is suspended from the practice of law for a period of one year, commencing June 7, 2001, and continuing until the further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Stephen N. Silver, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.